**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1956
_____

UNITED STATES OF AMERICA

v.

SUZANNE RAY KING,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:22-cr-00006-001)
District Judge: Hon. Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 7, 2025

Before: MATEY, FREEMAN, and ROTH, *Circuit Judges.*

(Filed: June 6, 2025)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Suzanne King pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). She now appeals her sentence, contending that § 922(g)(1) is unconstitutional. But King waived her Second Amendment challenge, so we will affirm.

**I.**

While officers responded to a domestic dispute at King's home, King stashed multiple firearms at her place of work. She left a note for her employer: "Please take care of these for me. Don't call the cops." App. 84. A grand jury later indicted King for possessing 1) a firearm in violation of 18 U.S.C. § 922(g)(1) following her prior felony conviction, and 2) a transferred firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d).

King eventually decided to plead guilty to these charges. At her plea hearing, the District Court asked whether King needed time to review this Court's first decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024). King's counsel responded that "consistent with [his] advice, Suzanne King is choosing to not litigate Second Amendment issues, even though the prior—that is the prior that puts her in count one, is the possession with intent to deliver; the substance being roughly a quarter pound of marijuana." App. 31. And when asked if she had "discussed the recent changes in the law or the recent application of the law regarding a felon in possession of a firearm," King responded "[y]es." App. 39. King reaffirmed this position in her sentencing memorandum, choosing to accept responsibility despite her view that her conduct may be constitutionally protected in the light of recent

2

developments in Supreme Court and Third Circuit jurisprudence. The District Court sentenced King to eighteen months' imprisonment followed by a three-year term of supervised release.

## II.

King now argues § 922(g)(1) is facially unconstitutional,[1] but "we cannot reach waived arguments." *United States v. Davis*, 105 F.4th 541, 547 (3d Cir. 2024). "Waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). That is the case here, as King repeatedly renounced any Second Amendment challenge. King's waiver arises not from the entry of her plea, *see Class v. United States*, 583 U.S. 174, 178 (2018), but from her expressed intent to forgo a constitutional defense, *see Khadr v. United States*, 67 F.4th 413, 420–21 (D.C. Cir. 2023). Nor does the fundamental nature of the Second Amendment change our analysis since "even constitutional objections" may be forfeited by a failure to raise them at a proper time. *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143 (1967); *see Yakus v. United States*, 321 U.S. 414, 444 (1944).

Given King's waiver, we will affirm the District Court's judgment.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Questions of waiver are reviewed de novo. *In re RFE Indus., Inc.*, 283 F.3d 159, 164 (3d Cir. 2002).